# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-22-91-F |
| JOHNNY ALLEN SAPCUT, a/k/a Johnny Sapcut, | ) ) ) ) |
| Defendant. | ) |

## ORDER

The court has received and reviewed the Certification of Restoration of Competency to Stand Trial and the accompanying Forensic Evaluation report, both of which are included in in doc. no. 69, filed on December 30, 2024.

The Certification of Restoration from FMC Butner triggers the application of 18 U.S.C. § 4141(e). That statute provides that, once the certification is filed:

> The **court shall hold a hearing**, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, **the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings**. Upon discharge, the defendant is subject to the provisions of chapters 207[1] and 227[2].

Emphasis added.

---

[1] Relating to pretrial release.

[2] Relating to sentencing.

The court will hold an in-chambers conference with counsel on January 10, 2025, at 3:00 p.m. for the purpose of (i) determining whether trial competency will be contested, and (ii) scheduling a date for the competency hearing, bearing in mind that § 4241(e) requires a competency hearing regardless of whether trial competency is contested.[3]

It is apparent from the Forensic Evaluation report accompanying the Certificate of Restoration that adherence to the prescribed medication regimen after the defendant leaves FMC Butner pursuant to an order for discharge (if one is entered) will be of surpassing importance.  For that reason, and because, under §4241(e), an order for discharge must be entered immediately upon the making of a finding that the defendant is competent to stand trial, the government (including the office of the United States Marshal) is reminded that, by order entered on December 6, 2023, the court made the following provision with respect to responsibilities to ensue from the entry of an order for discharge:

> Within three working days after entry of an order for discharge from FMC Butner under 18 U.S.C. § 4241(e), the government shall file an advisement to the court, under seal, advising the court and counsel for defendant as to the following matters:  (i) the name of the facility to which the defendant will be transferred from FMC Butner to await trial, (ii) the name and prescribed dosage of medications prescribed for defendant upon discharge from FMC Butner,[footnote deleted] (iii) whether arrangements have been made for continuing administration of prescribed medications while Mr. Sapcut is in transit and at the receiving facility, (iv) the job titles *and* names of the individuals at the receiving facility who will be personally responsible for causing the prescribed medications to be provided to the defendant, and (v) the names of the Deputy United States Marshals in the office of the U.S.

---

[3] The court expects that defense counsel will make every effort to be in a position to advise the court, at the in-chambers conference, as to whether trial competency will be contested.  In the event that that is not feasible, the court will nonetheless proceed with the conference, at the scheduled time, for the purpose of (i) determining when counsel will be able to inform the court as to whether trial competency will be contested, and (ii) at least tentatively setting a date for the competency hearing.

Marshal for the Western District of Oklahoma who are personally responsible for ensuring that the medications prescribed for Mr. Sapcut are administered as prescribed.

Doc. no. 62.

DATED this 3rd day of January, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0091p018.docx